FREARY (TUNNO v.).　See Case No. 14,238.

## Case No. 11,380.

### PREBLE v. PORTAGE COUNTY.

[8 Biss. 358.] [1]

Circuit Court, W. D. Wisconsin.　Dec., 1878.

MUNICIPAL BONDS — BONA FIDE HOLDER — LIS PENDENS—RES JUDICATA.

1. The mere fact that some of the interest coupons were overdue at the time of plaintiff's purchase, is not sufficient to put him upon inquiry, or charge him with notice of any defenses to the bonds. especially, where. during the time these. coupons were running, the negotiation of the bonds had been restrained by an injunction which was finally dissolved.

2. The pendency of a suit is not constructive notice to purchasers of negotiable paper, which is the subject of the suit.

3. Where a county had filed a bill against a railroad company and its trustee to restrain the negotiation of bonds issued by the county to the

---

[1] [Reported by Francis Hopkinson, Esq.]

[1] [Reported by Josiah H. Bissell, Esq.. and here reprinted by permission.]

company in aid of its construction, and the case had been decided against the county, it is estopped from setting up, against subsequent purchasers of such bonds, any grounds of illegality which might have been set up in the bill.

[Cited in Ashton v. City of Rochester, 133 N. Y. 193, 30 N. E. 967; Harmon v. Auditor of Public Accounts, 123 Ill. 134, 13 N. E. 162; Mt. Mansfield Hotel Co. v. Bailey, 64 Vt. 151, 24 Atl. 139.]

[There were actions by John Q. Preble against the board of supervisors of Portage county upon certain coupons cut from bonds issued by the county in aid of railroad construction. There were verdicts and judgments in favor of plaintiff. Heard on motion to set the same aside.]

Edwin H. Abbott, for plaintiff.
G. W. Cate, for defendant.

Before DRUMMOND, Circuit Judge, and BUNN, District Judge.

BUNN, District Judge. This motion is to set aside verdicts and judgments in this and seven other cases, all alike, rendered at the present term of this court, upon coupons for interest upon railroad bonds issued by the defendant to aid in the construction of a railroad.

The cases being at issue upon answers put in by the defendant setting up fraud by illegal voting in the issuing of the bonds, and being called in their order for trial, the defendant did not appear at the trial, but made default, and inquests were duly taken, and verdicts and judgments rendered against the defendant in each of said cases upon the coupons in suit.

It being agreed that defendant has satisfactorily excused its default in not appearing at the trial, the only question submitted for the consideration of the court is, whether the defendant in its answer and proofs, makes a prima facie defense on the merits to the action.

If it does, then we cannot try the issue on the merits, but must vacate the judgments and set the cases down for trial by jury. But we are of opinion that the defendant does not make a prima facie defense to the actions.

Allowing that the certificate of the canvassers is not conclusive, and that the defendant has set up a good defense as against the original holders of the bonds, still we think there is nothing, either in the proofs or allegations, to destroy or in any way affect the position of the plaintiff as a bona fide holder for value, without notice, of the coupons in suit.

Without claiming that there is any evidence of actual notice of fraud or illegality, or that any such evidence can be produced, but on the contrary, the defendant's counsel conceding that no such evidence exists, he relies upon two circumstances as destroying the bona fide character of the plaintiff as holder for value of the coupons: First, that three of the coupons were overdue when the bonds were purchased by the plaintiff; second, that the pendency of the Felch suit in Portage county, brought to prevent the issuing of the bonds, was constructive notice to the purchaser of the bonds, of any infirmity existing at the time of their issue.

We think neither of these positions is maintainable.

The mere fact that coupons for interest upon bonds of municipal corporations are overdue and unpaid, is not of itself, without other circumstances to put the purchaser on his guard, sufficient to dishonor the bonds, which are, to the full measure of the commercial law, negotiable paper. And especially in this case, where the record shows that the sale of the bonds during all the time when these three coupons were maturing, was restrained by an injunctional order issued by the supreme judicial court of Massachusetts, in a suit brought on the chancery side of that court by the defendant in this action, to restrain and prevent the negotiation of the bonds, we think the purchaser, upon a dissolution of that injunction and final determination of that suit, in favor of the legality of the bonds, by the highest court of the state, might fairly presume that but for such suit and injunction the interest may have been paid. We think the existence of these facts shown by the record of the Massachusetts case sufficient to rebut any presumption of dishonor of the bonds or coupons arising from the bare fact of the coupons being overdue and unpaid, if such presumption would otherwise have existed. Upon the second point, it is quite clear that the pendency of a suit is not constructive notice to purchasers of negotiable paper, which is the subject of it. The rule has never been applied to suits respecting this species of property, and could not be without greatly trenching upon its value as a medium of commercial exchange.

We are also inclined to think that the record of the suit in Massachusetts, between the same parties and their privies, is a bar to the matter of fraud set up in the answer, in respect to all such matters as had come to the knowledge of the defendant at the time of the commencement of that suit.

That suit was brought to test the legality of the bonds and to restrain their negotiation in the hands of the trustee of the railroad company, the original payee and holder; and the rule is, that the party is concluded, as well in respect to all those matters and things which might have been litigated under the issues, as to those which were actually litigated and decided in the former suit.

The suit was brought to test the validity of the bonds and restrain their sale by the company. The whole question respecting the validity of the bonds in the hands of the original holder was in issue. The county of Portage, the defendant in this action, was complainant, and the trustee selected to hold the

bonds, and the railroad company, were defendants.

The complainant could not divide his cause of action, setting up one ground of illegality in that suit, and if he failed in that, bring a second suit for the like purpose, setting up another ground of illegality.

He should disclose the entire wealth of his case at once. Undoubtedly the suit would not be a bar to frauds discovered after the litigation took place, but there can hardly be any presumption that the frauds complained of here were subsequently discovered without some allegation or showing to that effect.

But, however this may be, we are clear that there is nothing in the case to affect the character and standing of the plaintiff as bona fide purchaser, for value, of the bonds before due.

Motion denied.