GEORGE R. BALDWIN, SR., Individually and as a Member of the Board of Supervisors of Erie County, Respondent, v. CITY OF BUFFALO, Appellant, et al., Defendants.

Fourth Dpartment, March 20, 1959.

*Anthony Manguso, Corporation Counsel* (*William J. Ostrowski* and *Elmer S. Stengel* of counsel), for appellant.

*Emil L. Cohen* and *Harold M. Halpern* for respondent.

*Per Curiam.* In this declaratory judgment action plaintiff sought relief upon three stated causes of action for a declaration, among other things, that a certain local law adopted

by appellant was ineffective for the purpose of changing the ward boundaries of the city for the purpose of nominating and electing supervisors therein. The city moved to dismiss the complaint for legal insufficiency pursuant to rule 106 of the Rules of Civil Practice.

Upon such a motion the test of the sufficiency of the pleading "is not whether the complaint shows the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. If the complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated." (1 Anderson, Actions for Declaratory Judgments, p. 600; see, also, *Latham & Co.* v. *Mayflower Inds.*, 278 App. Div. 90, 95.)

Special Term in passing upon the motion to dismiss the pleading did not make a decision in accordance with this rule. Instead it went to the merits of the controversy and concluded a lengthy memorandum with the finding that the local law was "wholly invalid". It implemented its decision by an order denying the motion to dismiss the complaint. The city appealed and in this court seeks a reversal of that order and a dismissal of the pleading.

The appellant is barred at the threshold of the appeal from seeking such relief for two reasons. First the parties to the appeal freely admit that there is a justiciable controversy. Such a concession establishes that the complaint is legally sufficient. The motion to dismiss upon such a finding should have been denied without further ado. Instead, as has been stated, Special Term proceeded to decide the merits of the controversy. In this court the parties have argued the correctness of that decision. This they may not do.

It is recognized that on occasion the court has reached the merits of a declaratory judgment controversy upon a motion to test the legal sufficiency of the complaint. (Cf. *Hoffman* v. *City of Syracuse*, 2 N Y 2d 484; *Civil Serv. Forum* v. *New York City Tr. Auth.*, 4 A D 2d 117.) In those decisions, however the facts were conceded. While it is generally true that the material allegations of the complaint are necessarily admitted for the purpose of such a motion, it is clear in this case that Special Term limited its decision to the first cause of action set forth in the complaint. It is difficult to conclude that the city, in moving to dismiss the complaint elected to constructively admit the allegations of the second cause which sets forth factual allegations that the local law was passed in great haste, without resort to objective standards and that

the sole motivating purpose of a majority of the Common Council and Mayor was to "gerrymander" areas of the city in connection with the election of Supervisors. Furthermore, the third cause alleged that contrary to an opinion made by the Corporation Counsel the local law was inoperative until approved by a referendum of the electors of the city. Special Term did not consider these two causes of action.

The controlling reason, however, that prevents this court from considering the appeal as it comes to us, is the well-established rule that a complaint in a declaratory judgment action "should not be dismissed as insufficient merely because the facts alleged in the complaint show that the plaintiff is not entitled to a declaration of rights *as the plaintiff claims them to be.* The court should, in proper case, retain jurisdiction of the action and should exercise its power to declare the rights and legal relations of the parties whatever they may be." (*Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51. See, also, *Hoffman* v. *City of Syracuse,* 2 N Y 2d 484, 487, *supra; Sylvander* v. *Taber,* 6 A D 2d 987; *Marshall* v. *City of Norwich,* 1 A D 2d 498; *Strauss* v. *University of the State of N. Y.,* 282 App. Div. 593, 595.)

Otherwise stated, if there should be complete agreement with the contentions of the appellant the complaint could not be dismissed as demanded by the city. It would be necessary to declare the rights of the parties whatever they might be. It is concluded that the complaint states a justiciable issue and Special Term correctly held that the pleading should not be dismissed. This is the limit of our decision. The reasoning and conclusions of Special Term as to the validity of the local law of necessity are not passed upon or adopted by this court.

The order appealed from should be affirmed.

All concur. Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

Order affirmed, without costs of this appeal to any party.