**Will Key JEFFERSON, Appellant,**

v.

**GREATER ANCHORAGE AREA BOR-
OUGH, a municipal corpora-
tion, Appellee.**

No. 988.

Supreme Court of Alaska.

March 21, 1969.

Will Key Jefferson, in pro. per.

Victor D. Carlson, Eric E. Wohlforth, Anchorage, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant's amended complaint questioning the legality of a bond election held by appellee Borough was dismissed with prejudice by the trial court for failure to state a claim upon which relief could be based and on the ground that the decision of that court in Dale v. Greater Anchorage Area Borough [1] was res judicata.

Appellant's first point on appeal is that the court's decision in *Dale* is not res judicata with respect to the issues he attempted to raise in this case.

The facts are that the legality of the same bond election was questioned in *Dale* in a complaint which was brought by Marjorie C. Dale on behalf of herself and all of the electors and real property owners of the Greater Anchorage Area Borough. The complaint was dismissed by the trial court on the ground that it failed to state a claim upon which relief could be granted since Marjorie Dale had not delivered to the borough assembly a written notice of contest of the election as required by borough ordinance. The trial court's dismissal was upheld by this court on appeal.[2]

Appellant argues that no valid judgment was ever entered in *Dale* because the court made no findings of fact and conclusions of law as required by Civil Rule 52(a).[3] Appellant argues in the alternative that if findings of fact and conclusions of law were not required, then it is clear that no trial on the merits was had and the doctrine of res judicata is therefore inapplicable.

We are of the opinion that no findings of fact and conclusions of law were required [4] and that the decision in *Dale* is res judicata.

While it is true that there was not a trial on the actual merits of each of the issues raised in *Dale,* it must be borne in mind that the plaintiff in that case had the opportunity of her day in court and could have had the issues heard on the merits if she had qualified herself by timely filing

1. 439 P.2d 790 (Alaska 1968).

2. *Id.*

3. Appellant relies on that portion of Civ. R. 52(a) which states:
   In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *.

4. The last sentence of Civ.R. 52(a) states:
   Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).

notice of contest of the election. Civil Rule 41(b) states in part:

> A dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party does not operate as an adjudication upon the merits. *Any other dismissal* not provided for in this rule and a dismissal under this subdivision *operates as an adjudication upon the merits,* unless the court in its order for dismissal otherwise specifies. (emphasis supplied).

The above quoted portion of Alaska Civil Rule 41(b) has not been interpreted by this court. However, it is very similar to the corresponding portion of Federal Rule of Civil Procedure 41(b). In a somewhat analogous factual situation in Olsen v. Muskegon Piston Ring Co.,[5] the court stated:

> Appellant urges that such a holding [dismissal without an actual trial on the merits of the issues raised by the complaint] deprives him of his day in court and penalizes him for the misconduct of his counsel. The effect of his argument is that he has been deprived of his right to a hearing, because he was not granted permission to present his case at a later day than that set for hearing. However, the right to a day in court means not the actual presentation of the case, but the right to be duly cited to appear and to be afforded an opportunity to be heard. Galpin v. Page, 18 Wall. 350, 360, 21 L.Ed. 959. Appellants' contention that no judgment was rendered on the merits also is not tenable. A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts. It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied

the law. Freeman on Judgments, 5th Ed., Vol. II §§ 723–725. Such an opportunity was afforded the appellant who did not avail himself of the right.[6]

■ Since the order of the trial court did not otherwise specify, its dismissal of the complaint in Dale v. Greater Anchorage Area Borough operated as an adjudication upon the merits of the case under the specific provisions of Civil Rule 41(b).

■ It is the rule that the general principles of res judicata are applicable to suits brought by taxpayers, voters, and other residents of a state for the vindication of alleged public rights. This rule has been particularly applied in litigation challenging the validity of the public bonds. In People ex rel Castle v. Wright,[7] the court stated in part:

> In Harmon v. Auditor of Public Accounts [123 Ill. 122, 13 N.E. 161] certain resident property owners and taxpayers filed a suit attacking the validity of a proposed issue of county bonds. The "same indebtedness" had been attacked in a previous representative suit by certain "then resident property owners and taxpayers." But in the subsequent (Harmon) litigation, additional grounds were urged for the invalidity of the bonds. This court held, first, that the antecedent representative suit, although brought by different "residents and taxpayers," was conclusive upon the plaintiff in their subsequent or Harmon suit, and second, that the decree in the earlier case was *res judicata,* not only of the issues actually tendered by that case but of all issues that could have been raised. This court said at page 135 of 123 Ill., at page 165 of 13 N.E.: "As was said in Preble v. [Portage County] Board of Supervisors, supra, [8 Biss. 358]: The complainants could not divide their cause of action, setting up one

---

5. 117 F.2d 163, 165 (6th Cir. 1941).

6. See Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551, 564–566 (1961); Saylor v. Lindsley, 391

F.2d 965, 969 (2d Cir. 1968); 2B Barron & Holtzoff, Federal Practice and Procedure, § 921 at 920 and Supp. at 58.

7. 8 Ill.2d 454, 134 N.E.2d 269, 272 (1956).

ground of illegality in that suit, and, if they failed in that, bring a second suit for a like purpose, setting up another ground of illegality. They should have disclosed the entire wealth of their case at once." The court so held even though the plaintiffs in the Harmon, or second, case were not the same as the plaintiffs in the earlier case and even though the plaintiffs in the second case assign new grounds and reasons for invalidating the bond issue. * * * The fiscal policies of the State or its subdivisions are not to be frustrated by a succession of suits by different taxpayers, voters or other citizens after one of such suits has been adjudicated. The doctrine of the Harmon case is particularly applicable where successive suits, such as those filed in connection with the toll road program, are for the purpose of delay and vexation.[8]

■ Accordingly, and although appellant's complaint alleged a basis for the claimed illegality of the election not mentioned in the *Dale* complaint,[9] we hold that the doctrine of res judicata is applicable and dismissal of the complaint was not error.[10]

■ Since we have held that both rule 41(b) and the general doctrine of res judicata are applicable, appellant's contention that the trial court should have permitted 10 of the plaintiffs to belatedly sign the complaint is rendered moot.

Appellant's next point is that by signing the judgment on March 26, 1968, four days after the hearing held on March 22, the judgment was rendered void since Rule 78(b), Rules of Civil Procedure, provides for a five-day period for the filing of objections after service of the proposed judgment.[11]

■ We do not agree. This court has held that failure to observe the provisions of Civil Rule 78(b) is not a ground for reversal of a judgment, absent a showing of prejudice and of how the objecting party would have moved to modify the judgment if he had had the full benefit of the rule.[12] Since appellant has made no attempt to show prejudice or in what respect he would have objected to the proposed judgment, the failure to observe the full requirements of Civil Rule 78(b) will be treated as harmless error. The failure of the court to observe the full five-day period provided for in Civil Rule 78(b) did not divest the court of jurisdiction to enter a valid judgment, as appellant seems to contend.

Appellant's next point is that the trial court erred in assessing a fine of $25

8. *See* City of Dallas v. Dixon, 365 S.W. 2d 919, 926 (Tex.1963); Gardiner v. City of Jersey City, 67 N.J.Super. 435, 170 A.2d 820, 828 (1961); Green v. Independent Consol. School Dist., 256 Minn. 185, 98 N.W.2d 86, 89 (1959).

9. Appellant alleged that the bond propositions were placed on the ballot by resolution rather than by ordinance. However, see City of Vernon v. Montgomery, 265 S.W. 188 (Tex.Civ.App.1924) holding that a resolution is sufficient where there is no statute or charter requirement that an ordinance is necessary.

10. It should be noted that the affidavit of Borough Clerk, Mary Nettleton which was ex. C to the Memorandum in Support of Motion to Dismiss in *Dale*, clearly shows that not only had Marjorie Dale not filed a notice to contest the election, but that neither had any other person done so.

11. Civ.R. 78(b) states:
Within 5 days after service of any of the documents mentioned within subdivision (a), a party may serve a written detailed statement of objections to any such document and the reasons therefor. If objections are served within the time specified herein, the court may thereafter require the attorneys interested to appear before it, or it may sign the document as prepared by counsel for the successful party or as modified by the court.

12. Sanuita v. Common Laborer's and Hod Carriers Union, 402 P.2d 199, 202 (Alaska 1965); City of Anchorage v. Chugach Elec. Ass'n., 394 P.2d 673, 675 (Alaska 1964); Briggs v. Kelly, 376 P.2d 715, 717 (Alaska 1962).

against him for failing to appear and depose in response to a subpoena.

On March 6, 1968, the defendant served notice of the taking of the deposition on March 8, 1968, of all of the 12 plaintiffs in this case. On March 7 appellant filed and served a motion to set aside the subpoenas on the ground that the short notice was not reasonable under Civil Rule 30 and that the subpoenas were secured in bad faith, solely to annoy, embarrass, and oppress the plaintiffs and that the depositions would serve no useful purpose which could not be accomplished by written interrogatories under Civil Rule 31. Appellant's motion was not noticed for hearing in accordance with Civil Rule 77(a).[13]

Appellant appeared at the time and place set for his deposition and, as he later explained it to the trial court:

The attorneys for the borough refused to accept the motion to suspend the proceedings and I arbitrarily suspended the proceedings pending the court's decision upon a motion which was on file and on record in this court and the protection of which we were entitled to come under.

In his brief appellant argues that his appearance at the time and place set for the taking of the deposition had the effect of suspending the deposition proceedings until the court ruled on his pending motion.

Appellant was and still is laboring under a misunderstanding of Civil Rule 30. Appellant's motion to set aside the subpoenas to appear and depose is of the type provided for under Civil Rule 30(b).[14] The person filing such a motion is not automatically excused from appearing and deposing. His motion must be noticed for hearing and ruled on favorably by the court before the movant is excused from obeying the subpoena.

Civil Rule 30(d) covers the situations where the deposition has been commenced and permits the deponent, upon showing to the court that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent to receive appropriate relief by an order of the court.[15] The last two sentences of this section state:

Upon demand of the objecting party or deponent, the taking of the deposition

13. Civ.R. 77(a) states:
Where there has been an adverse appearance, there shall be served with every written motion, other than one which may be heard ex parte, a notice of hearing thereon. A motion which is not accompanied by a notice of hearing shall not be placed on a motion calendar.

14. Civ.R. 30(b) states:
After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated time or place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall

be held with no one present except the parties to the action and their officers and counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, undue expense, embarrassment, or oppression.

15. Civ.R. 30(d) states:
At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court of the district in which the action is pending or the court of the district where the deposition is being

shall be suspended for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable.

Appellant's reliance upon those two sentences as suspending the taking of the deposition until his motion of March 7 had been ruled on was misplaced. The suspension provided for has no application to a motion for relief prior to the commencement of the taking of the deposition, made under Civil Rule 30(b).[16]

Since appellant's motion had not been ruled upon and the deposition proceedings had not been suspended, he cannot contest the court's imposition of a sanction on the grounds urged.

Appellant emphasizes the fact that at 4:48 p. m. on March 8, 1968, the plaintiff Otto Dale filed a Motion to Suspend Order for Taking Depositions under Civil Rule 30(d), alleging bad faith on the part of appellee and oppression of the 12 plaintiffs. Appellant argues that in fining Dale $25 for failing to depose, the trial court denied due process and equal protection to both Dale and appellant.

This argument appears to be an attempt by appellant to provide legal representation for Dale on this appeal even though appellant is not licensed to practice law and Dale has not appealed. Appellant was repeatedly warned by the court below that he had no right to represent any of the other plaintiffs in court.

In any event, there is no merit in appellant's assertions. Otto Dale was subpoenaed to appear for the taking of his deposition at 11 a. m. on March 8. The taking of his deposition never commenced, therefore, Dale was not competent to advise the court that *during the taking of the deposition* it appeared that the examination was being conducted in bad faith or in an oppressive manner, and the suspension provision of Civil Rule 30(d) could not be invoked. Otto Dale had been in default of the order requiring him to appear and depose for over five hours when he filed his motion to suspend, which had no basis in fact under Civil Rule 30(d).

Otto Dale's motion can have no effect on appellant's status. Appellant's motion to set aside the subpoena based on Civil Rule 30(b) was denied by the trial court at approximately 1:36 p. m. on March 8. Appellant was subpoenaed to appear and depose at 4:30 p. m. March 8 and had no legal excuse for not obeying the subpoena.

Appellant argues that the court erred in entering its order decreeing that:

Plaintiff Will Key Jefferson is in contempt of this court for unlawful interference with the process or proceedings of this court in having advised or caused to be advised certain of the plaintiffs herein to disobey subpoenas of this court lawfully issued.

and fining appellant $25 and assessing costs and attorney's fees against him. His contention is that since the notice was directed to 14 persons and advised that, "You are invited to attend and cross-examine" and that since Otto Dale had been informed that all had not yet been served, Dale was justified in suspending proceed-

---

taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court of the district in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable.

16. *See* 2A Barron & Holtzoff, Federal Practice and Procedure, § 713, at 232–36 (1961).

ings with his motion and that these facts in turn justified appellant in advising his co-plaintiffs that the taking of the depositions was suspended until the court had ruled.

Appellant's argument is specious on its face. Otto Dale's unfounded motion to suspend was not filed until 4:48 p. m. March 8. By that hour all of the persons named in the notice were in violation of the order to appear and depose as a result of advice previously given to them by appellant.

Appellant described the co-plaintiffs as, "just the tail of the kite, wherever the kite went they had to go" and admittted to the court that:

Anything that I did, I did because I believed that I knew enough law to advise the people who had chosen to join me in this action against the dissipation of the taxpayers money and if they were wrong in following me, they shouldn't be punished, they were helpless, they could do nothing except be guided by me.

Not being a lawyer, appellant had no authority to advise those noticed for deposition of the legal aspects of their situation, nor to attempt to represent them in the trial court. Appellant was guilty of unlawful interference with the process of the court and cannot now complain of the relatively mild sanction applied by the court.

The judgment and orders are affirmed.