George STADNICKY and Ann
Stadnicky, Appellants,

v.

SOUTHPARK TERRACE HOME-
OWNER'S ASSOCIATION,
INC., Appellee.

No. S–7359.

Supreme Court of Alaska.

May 16, 1997.

J.L. McCarrey, III, Law Offices of McCarrey & McCarrey, Anchorage, for Appellants.

Michael T. Stehle and Kenton K. Pettit, Bogle & Gates P.L.L.C., Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

COMPTON, Chief Justice.

### I. INTRODUCTION

Southpark Terrace Homeowner's Association sought to enforce a restrictive covenant against the Stadnickys. The covenant barred the use of metal roofing in Southpark subdivision. The superior court granted summary judgment and awarded actual, reasonable attorney's fees to Southpark. The Stadnickys appeal. We affirm.

### II. FACTS AND PROCEEDINGS

The Stadnicky family bought a home in the Southpark Subdivision in Anchorage in 1984. The property was subject to a Declaration of Covenants and Restrictions adopted by the Southpark Terrace Homeowner's Association (Southpark). Southpark's purpose is oversight of the subdivision and maintenance of its common areas.

The version of the covenants in effect at the time this dispute arose is dated 1987. There were two earlier versions, dated 1980 and 1983. The 1983 covenants, which were in effect at the time the Stadnicky family bought their home, prohibited the use of metal roofing material.[1] The 1987 covenants prohibited the use of metal roofing materials unless approved by the Architectural Control Committee (Committee), a three-member committee consisting of Southpark board members.[2] The 1987 covenants also permit Southpark to recover actual, reasonable attorney's fees for enforcement of the covenants.

The 1987 covenants provide for pre-approval of construction plans by the Committee. The Stadnickys did not follow this procedure. Instead, they built a play house in the back yard in 1992 and later submitted the plans to the Committee. The play house roof was metal, though the plans as submitted did not so indicate. The Committee, aware of the metal roof, rejected the plans and requested that the Stadnickys replace or cover the roof. From January 1993 until July 1994, the Southpark board of directors attempted to get the Stadnickys to comply with the covenant. The Stadnickys refused.[3]

Southpark filed suit against the Stadnickys, asking for removal of the metal roof and for actual, reasonable attorney's fees and costs. The superior court granted summary judgment and awarded actual, reasonable attorney's fees to Southpark. The Stadnickys appeal.

### III. DISCUSSION

#### A. Standard of Review

We will uphold summary judgment only if the record presents no genuine issues of material fact and the moving party is entitled to judgment on the law. *Newton v. Magill*, 872 P.2d 1213, 1215 (Alaska 1994). On questions of law, we will adopt the rule of law which is most persuasive in light of precedent, reason, and policy. *Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 (Alaska 1991). We review attorney fee awards for abuse of discretion. *McNett v. Alyeska Pipeline Serv. Co.*, 856 P.2d 1165, 1167 (Alaska 1993).

#### B. The Stadnickys Have Not Properly Challenged Southpark's Failure to Adopt Reasonable Standards for Enforcement of the Covenant.

The Stadnickys argue that the 1987 covenants apply and that the Committee

---

1. Art. V, § 18 (1983) states "... nor may any building be constructed on any lot with a metal roof."

2. Art. V, § 21 (1987) provides:
   No metal building shall be constructed or maintained on any lot, nor may any building be constructed on any lot with a metal roof unless approved by the Architectural Control Committee.

3. The cost to reshingle the play house roof was estimated at $250. According to the record, another member of Southpark offered to do the work for free. The Stadnickys refused that offer.

must decide, using reasonable, clear and ascertainable standards, whether to allow the metal roof. Southpark argues that the Stadnickys failed to raise this argument in superior court and may not now raise it. To have preserved this issue for appeal, the Stadnickys must show they raised the issue below. *Zeman v. Lufthansa German Airlines,* 699 P.2d 1274, 1280 (Alaska 1985).

█ The answer filed by the Stadnickys stated "[Southpark's] conduct in attempting to enforce the covenant was unreasonable." However, in proceedings before the superior court, the Stadnickys relied on the argument that Southpark's adoption of the 1987 covenants was invalid. They did not challenge on the theory that Southpark's enforcement of the covenant was unreasonable. The Stadnickys' first explicit argument that the Committee needed standards before rejecting the metal roof is found in a motion for reconsideration before the superior court.

█ An issue raised for the first time in a motion for reconsideration is not timely. *Miller v. Miller,* 890 P.2d 574, 576, n. 2 (Alaska 1995) (". . . the issue was improperly raised in the motion for reconsideration, since it had never previously been raised.").

The Stadnickys' attempt to raise this issue in their motion for reconsideration was not timely.[4] Since the Stadnickys failed to raise this issue in a timely fashion, this issue is not properly before this court on appeal.

The Stadnickys also did not include this argument in their points on appeal.[5] Because we conclude the Stadnickys did not adequately raise the issue before the superior court, we need not determine the result of their failure to include it in the points on appeal.[6]

### C. *The Superior Court Did Not Rely on the 1983 Covenants.*

█ The Stadnickys argue that the superior court erred by using the 1983 version of the covenants as the basis for ordering removal of the metal roof. This argument is meritless.

The superior court did not rely on the 1983 covenants. The superior court relied expressly on the 1987 covenants, finding that the Stadnickys' attempt to challenge the 1987 amendments was meritless because more than one year had passed since Southpark adopted the covenants.[7]

The superior court did note that, in addition to the 1987 covenants, both the 1980

---

4. There is nothing in the record to suggest that were we to reach this issue, the covenant would not be considered reasonable under our prior cases. This court previously has upheld property covenants if they are reasonable. *Dunlap v. Bavarian Village Condominium Ass'n,* 780 P.2d 1012, 1017 (Alaska 1989) (owners cannot have the courts override reasonable rules on the basis of differences in aesthetic tastes); *O'Buck v. Cottonwood Village Condominium Ass'n,* 750 P.2d 813, 819 (Alaska 1988) (rule prohibiting external television antennae reasonable despite fact that it was based on differences in aesthetic tastes).

The fact that the Committee may grant an exception does not necessarily render the general bar on metal roofs too unspecific or unreasonable. Southpark's Committee has permitted only one exception to the use of metal roofing. In that case, Southpark attempted to enforce the covenant, notified the foreclosing bank that there was a covenant violation on the property, and included language in the resale certificate for the property that the metal roof was not approved and that the purchaser might be liable for attorney's fees to enforce the covenant. Southpark approved a variance for the new owners only on condition that the roof be kept in good repair, and that it be replaced whenever construction was required. There is no indication that the

exception allowing the Committee discretion in permitting some metal roofing has been unfairly or unreasonably applied.

5. The Stadnickys argue they included this argument in their points on appeal "by implication." They argue that because Alaska is a notice pleading state, the statement in the answer along with the points on appeal has preserved this issue for appeal. The definition of notice pleading is "a short and plain statement of the claim." Alaska R.Civ.P. 8(a). The Stadnickys can not meet this requirement through implication.

6. The Stadnickys argue that the superior court erred in granting injunctive relief. The Stadnickys also argue that summary judgment was improperly granted. Neither of these arguments was included in the points on appeal and are thus waived. We note that the Stadnickys could not have prevailed on the merits on either of these issues.

7. AS 34.08.250 provides:

An action to challenge the validity of an amendment adopted by the association under this section may not be brought more than one year after the amendment is recorded.

covenants and the 1983 covenants prohibited metal roofing material. Accordingly, the superior court stated that even if the Stadnickys could prevail on their argument that the 1987 amendments were invalid, their metal roof would still be barred. The superior court's reference to the older covenants does not change the fact that its decision rested on its interpretation of the 1987 covenants.

Because the superior court did not rely on the 1983 covenants, the Stadnickys' argument that the superior court improperly granted injunctive relief to Southpark also fails. The superior court properly granted injunctive relief under AS 34.08.320(a)(4).[8]

### D. *The Superior Court Properly Awarded Attorney's Fees.*

Under the 1987 covenants Southpark may recover actual, reasonable attorney's fees and costs it incurs in any action to enforce the covenants.[9] The 1983 covenants have no provision for attorney's fees.

The Stadnickys argue that the superior court order granting attorney's fees under the 1987 covenants was inconsistent with the previous order granting summary judgment based on the 1983 covenants. As discussed above, the superior court did not rely on the 1983 covenants, nor did it find that the 1987 covenants were invalid. The fact that the 1983 covenants do not provide for recovery of attorney's fees is irrelevant. The superior court properly applied the 1987 covenants and awarded attorney's fees and costs to Southpark.

■ The Stadnickys are correct that Southpark must submit accurate records of the hours expended and a brief description of the services provided. *Hayes v. Xerox Corp.,* 718 P.2d 929, 939 (Alaska 1986). The record contains copies of the bills from Southpark's attorneys, with sufficient detail for the superior court to determine fees.

The Stadnickys also argue that if Southpark is entitled to attorney's fees, it has not proven the reasonableness of the fees. However, the Stadnickys make no explicit claim that Southpark's fee request was unreasonable. A review of the motion for attorney's fees and the bills from Southpark reveals no unreasonable fees or abuse of discretion by the superior court.

Because the 1987 covenants apply, we need not reach the Stadnickys' argument that they are public interest litigants. Under the express provisions of the covenant, the Stadnickys must bear the cost of Southpark's enforcement of the covenants.

### E. *Southpark's Thirty–Day Objection Rule Does Not Apply.*

■ Finally, the Stadnickys argue that Southpark was foreclosed from objecting to the metal roof, under its own rule that it must communicate acceptance or rejection of a proposed property modification within thirty days of the submission of the plan.

The Stadnickys did not submit any plans under this rule. They did not submit plans of a *proposed* modification; rather, they submitted plans *after* they had completed construction of the play house. They also failed to comply with the covenant requirement that the plans show the materials to be used in the proposed construction. Because the Stadnickys did not submit their construction plans for preapproval, they cannot now invoke the rule's time limits for preapproval of construction plans.

### IV. CONCLUSION

The judgment of the superior court is AFFIRMED.

. . . .

---

**8.** AS 34.08.320(a)(4) provides:

(a) ... the association may

. . . .

(4) institute, defend, or intervene in litigation or administrative proceedings or seek injunctive relief for violations of its declaration, by-laws, or rules in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community;

**9.** Art. IV, § 5 (1987) provides:

... If it is necessary for the Board to go to court to enforce the provisions contained in these covenants, conditions and restrictions, the offending lot owner shall pay actual, reasonable fees and costs of any such action.