NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| In the Matter of the Estate of ) | |
| ) | Supreme Court No. S-16597 |
| JAMES E. CARTER. ) | |
| ) | Superior Court No. 3AN-16-00691 PR |
| ) | |
| ) | MEMORANDUM OPINION |
| ) | AND JUDGMENT* |
| ) | |
| ) | No. 1679 – May 9, 2018 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Carl E. Brown, pro se, Seward, Appellant. No appearance by Estate of James E. Carter. Daniel T. Quinn, Richmond & Quinn, Anchorage, for Amicus Curiae CoreCivic, Inc., f/k/a Corrections Corporation of America, Inc.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I. INTRODUCTION

Carl Brown asked the superior court to open informal probate of the estate of James Carter and to appoint him as personal representative. The court denied his petition for a variety of legal reasons. We affirm the superior court's decision because

---

\*    Entered under Alaska Appellate Rule 214.

Brown has not appealed any of the court's reasons for denying his petition and has only argued an issue that was never properly raised before the superior court.

## II.    DECISION

1.    Brown and Carter were long-time friends. After Carter died in prison in Colorado on October 7, 2010, Brown filed suit as Carter's "next friend" against the private corporation that ran the prison where they both had been incarcerated for a period of time. That case was dismissed on standing grounds[1] and Brown filed a petition to open informal probate of Carter's estate.

2.    In March 2016 Brown filed with the probate court a document entitled "Request To Start Informal Probate And Appoint A Personal Representative When There Is No Will." The prison corporation, as an alleged interested party[2] in the probate proceedings, filed an opposition and asked the probate court to deny Brown's petition.

3.    In response to a deficiency notice from the probate court, Brown filed a copy of Carter's death certificate and a copy of a power of attorney form he alleged showed that Carter intended to appoint Brown as personal representative of Carter's estate. He also argued that although he filed outside the three-year statute of limitations to commence probate proceedings, his late filing was excused pursuant to AS 13.16.040(a)(4).[3]

---

[1]    *Brown v. Corr. Corp. of Am.,* 2016 WL 447422, No. 3:13-cv-00001-SLG (D. Alaska, Feb. 4. 2016). The federal district court initially stayed the dismissal to allow Brown to proceed with his request to open probate and be appointed personal representative of Carter's estate because as personal representative Brown would have standing to sue on behalf of Carter's estate. But the federal district court case was dismissed in October 2016 and a final judgment was entered.

[2]    AS 13.06.050(26) (defining "interested person" in probate context).

[3]    Alaska Statute 13.16.040(a) establishes a three-year limitation to open an

(continued...)

4. At a status hearing in November 2016 the probate master closed the proceeding after listing "a variety of legal problems" that prevented the court from starting informal probate of Carter's estate and appointing Brown as personal representative. Those problems included that there was no evidence that Carter was domiciled in Alaska at his death; that Brown filed his request more than three years after Carter's death; that Brown did not qualify as an interested party in the estate and did not have priority for appointment as personal representative;[4] and that the power of attorney could not be used to authorize Brown's appointment as personal representative because Carter would never have been able to be appointed as personal representative of his own estate after his death.

5. Brown moved for reconsideration. The superior court denied his motion in an order that reiterated the legal bases for the probate master's decision. Brown appeals; he is not represented by counsel.

6. Brown specified two issues in his notice of appeal and statement of points on appeal: that the court erred in refusing to recognize the power of attorney as a valid will and that it erred in holding that he lacked standing to be appointed as personal representative.

---

[3] (...continued) informal probate or appointment proceeding after the decedent's death except in five limited circumstances. Subsection (a)(4) allows such proceedings to begin more than three years after the decedent's death for the limited purpose of confirming and distributing existing estate assets to successors.

[4] AS 13.06.050(26) (interested person); AS 13.16.065 (designating priority among persons seeking appointment as personal representative).

7.      Self-represented parties are generally held to a less stringent standard than those who are represented by attorneys.[5]  But "a [self-represented] litigant's briefing must allow his or her opponent and this court to discern the [self-represented] litigant's legal argument.  Even a [self-represented litigant] . . . must cite authority and provide a legal theory."[6]

8.      Brown's brief does not address any of the specific reasons that the superior court denied his "Request To Start Informal Probate And Appoint A Personal Representative When There Is No Will."  Because Brown cites no authority and fails to provide a legal theory to counter any of the court's reasons for denying his petition, Brown has abandoned the issue on appeal.[7]

9.      Brown argues in his brief that the superior court should have considered the power of attorney to be Carter's will — an argument that he first raised in his motion to reconsider the probate master's denial of his petition.

10.      We have previously stated that we will not consider an issue raised for the first time in a motion for reconsideration.[8]  In addition, before Brown filed his motion for

---

[5]      *Wright v. Anding*, 390 P.3d 1162, 1175 (Alaska 2017) (citing *Casciola v. F.S. Air Serv., Inc.*, 120P.3d 1059, 1063 (Alaska 2013)).

[6]      *Id.* (omission in original) (quoting *Casciola*, 120 P.3d at 1063).  *See also* Alaska R. App. P. 212(c)(1)(I) (requiring briefs to have "[a]n argument section, which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on.").

[7]      *See id.*

[8]      *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1155 (Alaska 2009) ("[W]e will not consider an issue raised for the first time in a motion for reconsideration."); *Stadnicky v. Southpark Terrace Homeowner's Ass'n*, 939 P.2d 403, 405 (Alaska 1997) ("An issue raised for the first time in a motion for reconsideration is

(continued...)

reconsideration, Brown had taken the position Carter died without a will.[9]

11.     Because Brown has abandoned his points on appeal related to the court's denial of his petition for appointment as personal representative, the superior court's decision to deny the petition is AFFIRMED.

---

[8]     (...continued)
not timely." (citing *Miller v. Miller*, 890 P.2d 574, 576 n.2 (Alaska 1995)).

[9]     The petition Brown filed with the probate court was titled: "Request To Start Informal Probate And Appoint A Personal Representative When There Is No Will." The petition included a numbered paragraph that stated: "To the best of my knowledge after a reasonable search, the person who died did not make a valid will about property in Alaska." Brown swore that the contents of the petition were true before a notary.