NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DONALD GLENN WOODEN, <br><br> Appellant, <br><br> v. <br><br> ERIN LESLIE WOODEN, <br><br> Appellee. | Supreme Court No. S-16836 <br><br> Superior Court No. 3AN-14-05995 CI <br><br> MEMORANDUM OPINION <br> AND JUDGMENT* <br><br> No. 1695 – September 19, 2018 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: Donald G. Wooden, pro se, Wasilla, Appellant. Adam Gulkis, The Law Office Of Adam Gulkis, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.    INTRODUCTION

The superior court issued a child support modification order that was later reissued to correct a clerical error. The obligor father sought reconsideration of the corrected order, but his challenge was to the merits of the original order. The court denied the motion as untimely. The father appeals. Because the court did not abuse its discretion by denying the reconsideration motion as untimely, we affirm.

---

\*      Entered under Alaska Appellate Rule 214.

## II. FACTS AND PROCEEDINGS

Donald and Erin Wooden married in 2001 and have five children together. When they divorced in 2014, the superior court granted them joint legal custody and approved an agreed-upon divided physical custody arrangement, with two children living with Erin and three children living with Donald. The children later "gravitated" to Erin's house, and she filed a motion to modify custody reflecting that the children all were living with her.

After a January 2017 hearing the court issued a custody modification order maintaining joint legal custody; the court granted Erin primary physical custody of the four younger children and granted Donald physical custody of the oldest child. Erin then submitted a child support affidavit, a divided custody child support calculation, and a proposed order modifying child support. Her child support affidavit included yearly income and deductions for both parents; Donald's gross wages shown on the affidavit were identical to those shown on his 2015 tax return, which Erin had presented at the January hearing. Donald neither objected to the calculations Erin submitted on his behalf nor filed a separate affidavit. The court signed the proposed child support modification order in April and distributed it to the parties the next day.

In late April Erin filed an Alaska Civil Rule 60(a) request to correct the order's inadvertent use of an annual, rather than monthly, healthcare insurance expense (which she had submitted).[1] Donald objected in mid-May; he agreed that correcting the erroneous healthcare expense benefitted him, but he challenged other figures underlying the original child support calculation. In early June the court ordered that the healthcare

---

[1]    *See* Alaska R. Civ. P. 60(a) ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.").

expense be "corrected to use the monthly amount." The court later issued a revised child support order correcting the clerical error.

Donald filed a motion for reconsideration in July, focusing on the substance of the original April order rather than the June correction. The court denied Donald's motion as an untimely request to reconsider the April order, rather than as a timely challenge to the corrected June order. Donald appeals.

## III.   STANDARD OF REVIEW

"We review the denial of a motion for reconsideration for abuse of discretion."[2] "Such review does not focus on the merits of the underlying decision, but only on the propriety of the denial of reconsideration."[3] "A superior court abuses its discretion by making a decision that is arbitrary, capricious, manifestly unreasonable, or . . . stem[s] from an improper motive."[4]

## IV.   DISCUSSION

Donald argues that the superior court erred by denying his motion for reconsideration as untimely because he filed it within ten days of the corrected order.[5]

---

[2]     *Szabo v. Municipality of Anchorage*, 320 P.3d 809, 813 (Alaska 2014) (quoting *Alaskan Adventure Tours, Inc. v. City & Borough of Yakutat*, 307 P.3d 955, 959 (Alaska 2013)).

[3]     *Alaskan Adventure Tours*, 307 P.3d at 959 n.6 (citing *Smith v. Groleske*, 196 P.3d 1102, 1106 (Alaska 2008)).

[4]     *See Sharpe v. Sharpe*, 366 P.3d 66, 68 (Alaska 2016) (alterations in original) (quoting *Morris v. Horn*, 219 P.3d 198, 203-04 (Alaska 2009)).

[5]     A motion for reconsideration must be made within ten days of a written order's distribution date. *See* Alaska R. Civ. P. 77(k) ("A motion to reconsider the ruling must be made within ten days after the date of notice of the ruling as defined in Civil Rule 58.1(c) unless good cause is shown why a later filing should be accepted."); Alaska R. Civ. P. 58.1(c)(2) (stating notice date is written order's distribution date).

But Donald's July motion for reconsideration *challenged the April child support order's calculation and its effective date*. Denying the motion as untimely was not an abuse of discretion because it was not filed within ten days of the April order that modified child support. Donald contends that his motion was timely to challenge the June order, but he did not challenge the merits of the June order's clerical error correction; rather, he challenged the April order's merits. He could no longer do that.[6]

## V.    CONCLUSION

The superior court's denial of Donald's reconsideration motion is AFFIRMED.

---

[6]    The remainder of Donald's arguments to us, challenging the April child support order's calculation and effective date, reiterate his untimely motion for reconsideration claims. We do not consider these remaining arguments' merits because they are not properly before us. *See Blackburn v. State, Dep't of Transp. & Pub. Facilities*, 103 P.3d 900, 906 (Alaska 2004) (affirming court's denial of untimely motion for reconsideration and not reaching its merits "[b]ecause [appellant] failed to raise the issue in a timely fashion" (citing *Stadnicky v. Southpark Terrace Homeowners' Ass'n*, 939 P.2d 403, 405 (Alaska 1997))).