MAASSEN, Justice.
I. INTRODUCTION
A husband was granted a 20-day domestic violence protective order against his wife. During a brief extension of the 20-day order, the wife sent the husband a text message about their dog. This text message, a violation of the 20-day order, formed the basis of a long-term domestic violence protective order entered a few weeks later. The long-term order was affirmed on appeal.
A little over a year later, the husband was granted a new long-term protective order based on the same texting incident. The wife again appealed, but while the appeal was pending the superior court dissolved the second order as having been unlawfully granted.
On this appeal the wife challenges both the first long-term order and the second long-term order. We conclude that her challenges to the first order are barred by res judicata and that her challenge to the second order is moot. We therefore dismiss the appeal.
II. FACTS AND PROCEEDINGS
John and Robin Mitchell were married at the time of the events underlying this appeal. On August 10, 2016, having recently returned to Alaska from New York, Robin was at the family's Anchor Point cabins with John and their granddaughter. Robin and John got into an argument, which, according to John, culminated with Robin throwing a log at the windshield of his truck as he drove away. John requested a 20-day domestic violence protective order, which was granted. The district court scheduled a hearing for August 23 on John's petition for a long-term protective order.
*662 Robin returned to New York. On August 15 John moved to continue the hearing date on his petition for a long-term protective order and to extend the 20-day protective order until the new hearing date. John's attorney titled this a "non-opposed motion" and asserted that Robin had agreed to it by phone, although Robin disputes this. In any event, the court granted the motion, moving the hearing date to September 16 and extending the 20-day protective order through that date. Both the motion and the order indicate service on Robin by mail at her residence in Riverhead, New York, but Robin claims she never received either document and was therefore unaware that the 20-day protective order had been extended.
On September 5 Robin sent John a short text message about her dog Smokey: "Palmer pound called. Why do they have smokey all weekend?" John replied that Robin was violating the protective order, and a short text conversation followed.
The hearing on John's petition for a long-term protective order was continued once more, then held on September 20. The court declined to find that Robin had assaulted John at the cabin, but it granted the long-term protective order on grounds that Robin's text messages violated the no-contact provision of the 20-day protective order. Robin appealed the long-term order to the superior court, which affirmed it. She then filed a petition for hearing with this court, but we declined to hear it.
The following year, on September 25, 2017, John asked the superior court to extend the long-term protective order. The court noted that the year-long order had already expired. On October 4, 2017, however, the court issued John a new long-term protective order under a new case number. The court did not find any new instances of domestic violence; it predicated the new long-term order on the same ground as the expired 2016 order - Robin's September 2016 violation of the 20-day order by texting - finding in addition that Robin was "hyper-focused on the details of [John's] life."
Robin filed this appeal of the 2017 long-term protective order. In August 2018, while this appeal was pending, Robin also filed a motion in superior court to dissolve the 2017 order; the court granted her motion in part in September 2018. The superior court dissolved the 2017 order, concluding that, in light of this court's recent opinion in Whalen v. Whalen ,[1] it was improper to base a second long-term order on only the same acts that formed the basis of an earlier long-term order. The court denied Robin's request that all record of the dissolved order be expunged.
The Alaska Legislature reacted to Whalen by amending the statutes governing the issuance of protective orders, effective September 8, 2019.[2] Among other things, the amendments prohibit a court from denying a petition for a protective order on grounds that (1) the alleged domestic violence was the basis for a previous protective order; or (2) the court previously found the petitioner to be a victim of domestic violence but did not order relief, if the petition alleges a change of circumstances.[3] The amendments also allow a petitioner to file for an extension of a protective order "[w]ithin 30 days before, or within 60 days after," the order's expiration.[4]
III. STANDARD OF REVIEW
We review the superior court's decision to grant or deny a protective order for abuse of discretion.[5] We apply our independent judgment to questions of law, including *663 statutory interpretation[6] and the application of the doctrines of mootness[7] and res judicata.[8]
IV. DISCUSSION
A. Robin's Challenges To The First Protective Order Are Barred By Res Judicata.
Most of Robin's claims relate to the 2016 long-term protective order. She argues that the order was improperly granted, that it violated her due process rights, and that the court should have allowed her to present a necessity defense in opposing it. She contends that these claims remain relevant in the context of her appeal of the second long-term order because the orders were "explicitly and solely based upon exactly the same conduct" and "[i]t necessarily follows that if the underlying conduct of Robin was an invalid basis for" the first order, it was for the second as well.
But whether Robin's conduct was a valid basis for the 2016 protective order has already been finally decided. She had a full opportunity to litigate that issue; the superior court affirmed the issuance of the 2016 order on appeal, and we denied discretionary review.
Res judicata will bar claims when there is "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties ... about the same cause of action."[9] The 2016 long-term protective order was a final judgment on the merits[10] from a court of competent jurisdiction;[11] it remained final when the superior court affirmed it and this court declined to review it. The parties - Robin as petitioner and John as respondent - are the same in both cases, and Robin raises the same issues. We conclude that res judicata bars Robin's challenges to the 2016 long-term protective order.
B. Robin's Challenge To The 2017 Protective Order Is Moot.
Robin also challenges the 2017 long-term protective order, asking that we reverse it. But because the superior court has already dissolved that order, the claim is moot.
"A claim is moot if it is no longer a present, live controversy, and the party bringing the action would not be entitled to relief, even if it prevails."[12] We have noted that "[i]n most cases, mootness is found because the party raising an appeal cannot be given the remedy it seeks even if [the court agrees] with its legal position."[13] Mootness concerns are particularly acute in cases seeking a declaratory judgment, as we may only grant declaratory relief where the controversy is "definite and concrete, ... a real and substantial controversy admitting of specific relief ... as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[14] Typically, we will "refrain from deciding questions where events have rendered the legal issue moot."[15] But we may entertain moot claims under *664 several exceptions, including the public interest exception and the collateral consequences doctrine.[16]
In this case, because the superior court already dissolved the 2017 protective order, there is no effective relief we can grant. Robin's challenge is therefore moot unless one of these exceptions applies.
1. Robin's claims do not qualify for the public interest exception to the mootness doctrine.
Robin argues that we should hear her challenge to the dissolved 2017 protective order under the public interest exception to the mootness doctrine. When deciding whether to apply this exception, we consider three factors: "(1) whether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may cause review of the issues to be repeatedly circumvented, and (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine."[17]
Protective orders are common remedies, but we have already addressed the legal merit of Robin's particular challenge: whether a court may issue a second longterm protective order based solely on conduct that provided the basis for an earlier order. The superior court properly relied on our decision in Whalen v. Whalen[18] when it dissolved the 2017 order. The legislature has now clarified the law we addressed in Whalen , and orders such as the 2017 order will be lawful as of the amendments' effective date.[19] We see little public interest in having us again address an issue that is now of largely historical concern. We conclude that the public interest exception does not apply.
2. Robin's reputational interest does not satisfy the collateral consequences exception to the mootness doctrine.
Robin also argues that her appeal is not moot "because the adverse effects ... of the wrongfully issued but now dissolved long[-]term protective order have not magically disappeared." She asserts that her reputation is adversely affected by the existing court record and that she "has a legitimate interest in clearing her name .... One way to do this is to obtain a definitive statement from this court that the protective order was wrongfully issued against her."
As explained above, courts generally avoid giving "definitive statements" about parties' rights and responsibilities in the absence of "a real and substantial controversy admitting of specific relief."[20] The superior court granted Robin both "specific relief" and "a definitive statement ... that the protective order was wrongfully issued against her," and no one has appealed from that order, which is final.
We further construe Robin's argument, however, as a request that we apply the collateral consequences doctrine, which allows us to hear an otherwise moot appeal if the judgment carries "indirect consequences" such as limiting employment opportunities, creating social stigma, or affecting other legal proceedings.[21] Robin claims that she experiences increased social stigma because of the two protective orders in the public record, and she asks us - as she asked the superior court - to expunge her record. The superior court denied the request, finding that Alaska Rule of Administration 40(a)(9) "applies only to an ex parte petition," and that because the longterm protective order at issue was not granted ex parte, the remedy of expungement was unavailable. Rule 40 has since been amended,[22] but it still applies only *665 in narrow circumstances, and its express language does not authorize the expungement of the record of this case.[23] Hearing this moot appeal on the merits will therefore not resolve Robin's reputational concerns to the extent they are based on public access to a court record of the dissolved order.
We recognize, however, that the language of Rule 40(a)(9) leaves a narrow class of litigants, including Robin, in an anomalous position. Domestic violence protective order cases that are dismissed for insufficiency of evidence are excluded from the public version of the court system's case index, but the rule does not give the same level of confidentiality to domestic violence protective order cases in which an order is issued and then dissolved as unlawfully granted. We refer this matter to the Court Rules Attorney for consideration whether the rule should be amended to provide for the limited class of individuals who were subject to orders unlawfully issued before Whalen . Future amendment of the rule may provide Robin a remedy; we express no view on whether it should or will.
V. CONCLUSION
The appeal is DISMISSED.

425 P.3d 150 (Alaska 2018).

House Bill (H.B.) 12, 31st Leg., 1st Sess. (2019); Minutes, Senate Judiciary Comm. Hearing on H.B. 12, 31st Leg., 1st Sess. 6:01:06-6:02:55 (Apr. 23, 2019) (statement of Rep. Chuck Kopp) (explaining that the bill is intended to clarify the statutes in response to Whalen ); Minutes, House State Affairs Standing Comm. Hearing on H.B. 12, 31st Leg., 1st Sess. 3:15:55-3:20:13 (Feb. 28, 2019) (testimony of Ken Truit, Staff, Rep. Chuck Kopp) (noting that proposed amendments were "very narrowly focused to fix the Whalen issue").

Ch. 7, §§ 2 & 4, SLA 2019.

Ch. 7, §§ 3 & 5, SLA 2019.

Vince B. v. Sarah B. , 425 P.3d 55, 60 (Alaska 2018).

Cooper v. Cooper , 144 P.3d 451, 454 (Alaska 2006).

Akpik v. State, Office of Mgmt. & Budget , 115 P.3d 532, 534 (Alaska 2005).

Vince B. , 425 P.3d at 60.

Angleton v. Cox , 238 P.3d 610, 614 (Alaska 2010). We note that collateral estoppel, or issue preclusion, would also likely bar consideration of Robin's arguments. See Latham v. Palin , 251 P.3d 341, 344 (Alaska 2011).

See Ruerup v. Ruerup , 408 P.3d 1203, 1206 (Alaska 2018) (observing that long-term protective order "was a final, appealable order").

AS 22.15.100(9)(A) (giving magistrates power "to issue a protective order in cases involving ... domestic violence").

Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks , 48 P.3d 1165, 1167 (Alaska 2002).

Id . at 1168.

Kodiak Seafood Processors Ass'n v. State , 900 P.2d 1191, 1195 (Alaska 1995) (quoting Jefferson v. Asplund , 458 P.2d 995, 999 (Alaska 1969) ).

Gerstein v. Axtell , 960 P.2d 599, 601 (Alaska 1998) (quoting Kodiak , 900 P.2d at 1195 ).

See, e.g. , Copeland v. Ballard , 210 P.3d 1197, 1201-03 (Alaska 2009) ; Peter A. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs. , 146 P.3d 991, 994-95 (Alaska 2006).

Kodiak , 900 P.2d at 1196.

425 P.3d 150, 155-57 (Alaska 2018).

Ch. 7, §§ 1-6, SLA 2019.

Kodiak , 900 P.2d at 1195 (quoting Jefferson v. Asplund , 458 P.2d 995, 999 (Alaska 1969) ).

See, e.g. , In re Hospitalization of Joan K. , 273 P.3d 594, 597 (Alaska 2012) ; Peter A. , 146 P.3d at 994-95.

Alaska Supreme Court Order No. 1937 (Sept. 19, 2018).

Administrative Rule 40(a)(9) requires publication of basic case information in domestic violence cases unless they are
(A) dismissed without an ex parte order when a petition is filed under AS 18.66.110, or
(B) dismissed at or before the initial hearing when a petition is filed under AS 18.66.100, the petitioner did not request an ex parte order under AS 18.66.110, and the court did not hold an ex parte hearing, if the case is dismissed because there is not sufficient evidence that the petitioner is a victim of domestic violence as defined by AS 18.66.990(3) or there is not sufficient evidence that the petitioner is a household member as defined by AS 18.66.990(5).