NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BRYAN S. PEREZ, | ) | |
| | ) | Supreme Court No. S-17196 |
| Appellant, | ) | |
| | ) | Superior Court No. 1KE-16-00025 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| SALLY O. ALHIWAGE, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1753 – February 5, 2020 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Ketchikan, William B. Carey, Judge.

Appearances: Bryan S. Perez, pro se, Ketchikan, Appellant. Notice of nonparticipation filed by Holly Handler, Alaska Legal Services Corporation, Juneau, for Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

## I.    INTRODUCTION

An ex-husband appeals the superior court's order holding him in contempt after it found that he willfully violated an order enforcing the parties' property settlement. He argues that the court erroneously interpreted the parties' settlement agreement. He also argues that the court's enforcement order was an abuse of discretion because it violated federal law. Because we previously ruled against him on his first claim and his second claim was waived, we affirm the superior court's contempt order.

---

[*]    Entered under Alaska Appellate Rule 214.

## II.  FACTS AND PROCEEDINGS

In December 2016 Bryan Perez and Sally Alhiwage reached a settlement to resolve all property issues in their divorce.[1] "[A] central component of the agreement was that Perez would transfer 17 months of his Post-9/11 GI Bill education benefits to Alhiwage."[2] Within a month of the superior court's January 2017 issuance of a "Final Order and Judgment" incorporating their settlement, Alhiwage filed a motion to enforce the terms of the settlement agreement.[3]

Alhiwage's motion led to the first in a series of hearings to require Perez to adhere to the terms of the agreement regarding his GI Bill education benefits.[4] Although the agreement anticipated that the benefits would not be transferred for several months and required Perez to pay spousal support until Alhiwage was able to make use of the education benefits, Perez arranged to transfer the benefits immediately.[5] He then refused to pay spousal support, arguing that Alhiwage could have begun her education and he was no longer obligated to pay support.[6] The superior court granted Alhiwage's motion and ordered Perez to pay spousal support.[7]

---

[1]  *Perez v. Alhiwage*, No. S-16676, 2018 WL 3831439, at *1 (Alaska Aug. 10, 2018).

[2]  *Id.*

[3]  *Id.* at *2.

[4]  *Id.* at *2-3.

[5]  *Id.* at *2.

[6]  *Id.* at *2-3.

[7]  *Id.* at *3.

Perez appealed the superior court's decision; we affirmed the superior court.[8] In his first appeal, "Perez argue[d] that the spousal support should have ended a few weeks after the parties settled, when he received approval to transfer his GI Bill benefits,"[9] rather than when Alhiwage began to use the benefits.[10] We agreed with the superior court that the parties' agreement as incorporated into the court's final order was "most naturally construed as requiring Perez to pay spousal support until Alhiwage could receive the GI Bill stipend."[11] Perez did not challenge the legality of transferring GI Bill benefits as part of a divorce agreement in his first appeal.

While Perez's appeal was pending before us, Alhiwage attended school and received the agreed-upon GI Bill stipend. But in May 2018 her stipend was $500, rather than the approximately $3,400 she had previously received. Alhiwage filed a motion to show cause, asserting that Perez had cancelled the benefits on June 6, 2018.

The superior court granted Alhiwage's motion and scheduled a hearing over two days in August for Perez to show cause why he should not be held in contempt for violating its January 2017 Final Order and Judgment. At the conclusion of the hearing on August 7, 2018, the court ruled from the bench, finding Perez in contempt and ordering him to immediately contact the Veterans Administration or other appropriate

---

[8]     *Id.* at *8.

[9]     *Id.* at *1.

[10]     *Id.*

[11]     *Id.* at *5. Perez also challenged the court's order that he pay Alhiwage $6,000 in spousal support, that he store her belongings for up to 60 days, and denying his motion to compel Alhiwage to attend a specific school. *See id.* at *6-8.

government agency to restore the benefit. The court also ordered Perez to pay $3,400 to Alhiwage as a sanction.[12]

Following the court's order Perez asked for instruction about how to file proof of compliance with the court. After receiving instruction, Perez stated, "Your Honor, I believe that you just violated United States Code Title 38." The court responded, "Okay. Thank you. We'll be off record."

The next day Perez moved for reconsideration of the court's order, again arguing that the court misinterpreted the parties' agreement, and for the first time arguing that requiring him to transfer GI Bill benefits violated 38 U.S.C. § 3319. Perez stated in the motion that he had not previously argued that requiring him to transfer his GI Bill benefits was against federal law "because he believed [] the court would have seen through the request to change the final order, again, and he had to verify his conclusion." The superior court denied reconsideration and rejected his argument that the order violated federal law:

> This is a specious and self-serving argument. [Perez] is asserting that the agreement that he entered into and that he swore on the record was fair and equitable, and that it should be made an (enforceable) order of the court settling all issues between the parties, is actually of no legal effect and subject to his abridgement or nullification whenever he wanted. Further, the other party knew this and "accepted such risk."
>
> There is, of course, nothing in the record to suggest that the plaintiff and/or any sane, let alone competent, person or lawyer would enter into such an agreement. The court will

---

[12] The court also clarified that the 17-month payment period would run consecutively from its start as long as Alhiwage remained eligible and unless "otherwise . . . provided or allowed for by government regulation."

not give effect to this extraordinary interpretation of the agreement.

Perez now appeals the superior court's denial of his motion for reconsideration, raising the same arguments he made in his motion and asserting that the "court abuse[d] their authority . . . after they were advised the verbal order which was issued on Aug[ust] 7, 2018 was in violation of" 38 U.S.C. § 3319.

## III. STANDARD OF REVIEW

"We apply our independent judgment to questions of law, including statutory interpretation and . . . res judicata."[13]

## IV. DISCUSSION

### A. Perez's Appeal Of The Superior Court's Interpretation Of Its Order Is Barred By Res Judicata.

"Res judicata will bar claims when there is '(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties . . . about the same cause of action.' "[14] In this second appeal Perez reiterates the same argument that he raised in his first appeal: that under their agreement Alhiwage's 17 months of GI Bill benefits began as soon as Perez arranged their transfer, rather than on the date when she started school. In that case we rejected that argument and affirmed the superior court.[15] The superior court's decision was a final judgment on the merits of his argument in this dispute with Alhiwage. Res judicata bars him from making the identical argument a second time in this appeal; we will not address it again.

---

[13] *Mitchell v. Mitchell*, 445 P.3d 660, 662-63 (Alaska 2019) (footnote omitted).

[14] *Id.* at 663 (omission in original) (quoting *Angleton v. Cox*, 238 P.3d 610, 614 (Alaska 2010)).

[15] *See Perez*, 2018 WL 3831439, at *4-5.

**B.      Perez's Federal Law Issue Was Not Preserved For Appeal.**

"In order to preserve an issue for appeal, appellants 'must show they raised the issue below.'  But '[a]n issue raised for the first time in a motion for reconsideration is not timely' and is therefore not preserved for appeal."[16]

In December 2016 Perez and Alhiwage, both represented by counsel, reached a mutually acceptable agreement to divide their marital estate, a "central component" of which was that Perez would transfer 17 months of GI Bill benefits to Alhiwage.[17]  Less than a month later Perez attempted to avoid complying with the terms of the agreement.  Between February and August 2017 Alhiwage filed four motions seeking to require Perez to comply with various terms of the agreement, mostly with regard to the GI Bill benefits.  The superior court held six hearings; Perez appeared and participated at each, and filed numerous motions and oppositions to Alhiwage's motions. While Perez's appeal was pending, the superior court held two additional hearings on Alhiwage's motion.  Perez appeared and participated in each of these hearings as well.

Not until after the superior court held Perez in contempt in August 2018 did Perez mention, let alone argue, that he believed federal law prohibited the court from entering its order against him.  Perez first cited the specific federal statute at issue in his motion for reconsideration of the court's contempt order.  Both in that motion and at oral argument before this court, Perez acknowledged that he chose not to raise the issue until after the superior court made its ruling.  Because Perez did not raise this argument before the superior court until his motion for reconsideration, it is not timely and not preserved for appeal.

---

[16]      *Stephanie W. v. Maxwell V.*, 319 P.3d 219, 225-26 (Alaska 2014) (alteration in original) (footnote omitted) (quoting *Stadnicky v. Southpark Terrace Homeowner's Ass'n*, 939 P.2d 403, 405 (Alaska 1997)).

[17]      *Perez*, 2018 WL 3831439, at *1.

## V.    CONCLUSION

The superior court's contempt order is AFFIRMED.