NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JASON B.,<br><br>    Appellant,<br><br> v.<br><br>HEATHER B.,<br><br>    Appellee. | )<br>) Supreme Court Nos. S-17258/17268<br>)<br>) Superior Court Nos. 1JU-18-00206/<br>) 00211 CI<br>)<br>) MEMORANDUM OPINION<br>)   AND JUDGMENT*<br>)<br>) No. 1771 – June 3, 2020 |

Appeal from the Superior Court of the State of Alaska,
First Judicial District, Juneau, Amy Mead, Judge.

Appearances: Jason B., pro se, Juneau, Appellant.
No appearance by Appellee Heather B.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen,
and Carney, Justices.

## I. INTRODUCTION

A husband appeals three decisions regarding petitions for protective orders. First, he appeals the denial of his petition for a protective order against his wife, arguing that the superior court did not make the requisite factual findings under Alaska Rule of Civil Procedure 52(a) and, even if it did, the decision was clearly erroneous. Second, he appeals the grant of his wife's petition for a protective order against him, similarly arguing that the superior court did not make required findings of fact and clearly erred.

---

 \*  Entered under Alaska Appellate Rule 214.

Finally, he appeals the award of attorney's fees to his wife as the prevailing party on her petition.

We affirm the denial of the husband's petition for a protective order against his wife. But because the superior court did not make factual findings sufficient to enable meaningful appellate review of its order granting the wife's petition for a protective order, we vacate that order and remand for further findings of fact. And because we vacate the order granting her petition, we also vacate the attorney's fee award to the wife.

## II. FACTS AND PROCEEDINGS

Following an incident at the family home in June 2018, Heather B. filed a petition for a domestic violence protective order against her husband Jason B.[1] The next day, Jason filed a petition for a domestic violence protective order against Heather. In his petition and later testimony, he alleged that Heather had committed various acts of domestic violence against him beginning in January 2016.

The court granted Heather an ex parte, short-term protective order against Jason. It denied Jason's petition the next day after concluding that Jason had not demonstrated the need for a short-term protective order against Heather, but the court scheduled a hearing to consider whether to grant a long-term protective order against her. The protective order against Jason was modified and then extended several times before the court held a hearing to address both petitions for long-term protective orders. Heather and Jason each testified, offering differing descriptions of both the June incident and the alleged history of domestic violence between them.

---

[1] We use initials in lieu of the parties' last names to protect the family's privacy.

## A. Consolidated Hearing

Heather testified that in late June, after she had trimmed limbs from a tree in their backyard to make room for a play set for their three-year-old child, Jason began "yelling really loud" at her for cutting the tree without his permission. She stated that he picked up a large metal shovel from the ground next to her and "swung it around his body" about eight feet from Heather and then released it behind him. Heather testified that she was afraid he was going to release it in her direction and hit her. She stated that Jason also picked up a toy wheelbarrow and held it above his head, making her afraid that he was going to throw it at her. Heather testified that Jason followed her into the house, yelling that she had "betrayed his trust" and "disobeyed [his] command." Heather's father, who was inside the house with the three year old, later testified that Heather entered the house with Jason behind her and that Jason was "pointing at her" and "in her face," yelling loudly.

Jason described the incident differently. He testified that he "was a little angry" and "talking loudly." He stated that he grabbed the shovel from the ground and "put it away" by "backhand[ing] it into the area between the tree and the woodshed." Jason testified that he never swung the shovel in Heather's direction. He also testified that he "put [his] hands" on the toy wheelbarrow, but did not hold it over his head.

Jason also testified about other incidents that he had listed in his petition. He testified that Heather cut down a different tree in their yard without permission a couple weeks after the tree-trimming incident, that she yelled at him and hit him in his chest in February 2018, and that she had an "emotional nervous breakdown" that scared him in June 2017. He said that Heather had physically abused him since January 2016, alleging that she "poked, pinched, prodded, pushed, grabbed, and hit" him. He testified that Heather also subjected him to "emotional abuse" when she was "[j]ust really nasty, judging, and berating."

*1771*

**B.    The Superior Court's Orders**

At the end of the hearing, the superior court denied Jason's petition for a long-term protective order. It first noted that Jason's petition for a short-term order had been denied. It then stated that although it "hear[d] a lot of evidence about discord and the deterioration of [Jason and Heather's] relationship, [it] did not hear anything in [the hearing] that would lead [it] to believe that [Heather] committed an act of domestic violence against [Jason]." In its written order denying Jason's petition, the court indicated "there is not sufficient evidence that [Jason] is the victim of domestic violence defined by AS 18.66.990(3)."

Turning to Heather's petition, the court granted it on the record:

> [A]gain, I have to find by a preponderance of the evidence that a crime of domestic violence was committed by [Jason] against [Heather]. That just means that I have to find that it is more likely true than not. Even the slightest bit greater chance of it being true meets that standard. 51 percent is enough.
>
> And I find that the crime that has been alleged, the crime of assault in the fourth degree, where [Jason] recklessly placed [Heather] in fear of imminent physical injury by [his] words or conduct, I find that that standard has been met. I'm going to grant the long-term protective order requested by [Heather].

The court committed its findings to writing, checking the corresponding boxes on a standard protective order form. The court marked that it found "by a preponderance of the evidence that [Jason] committed, or attempted to commit . . . assault or reckless endangerment." The court also checked the box indicating "[Jason] represents a credible threat to the physical safety of [Heather]." The court ordered Jason not to contact or communicate with Heather or visit her home or workplace.

After granting Heather's petition for a protective order the superior court also granted her request for attorney's fees as the prevailing petitioner.[2]

Jason appeals each of the court's decisions.

## III.  STANDARD OF REVIEW

"We review the superior court's decision to grant or deny a protective order for abuse of discretion."[3] "We review the factual findings underlying a domestic violence protective order for clear error."[4] "We find clear error when, after review of the entire record, 'we are left with a definite and firm conviction' a mistake occurred."[5]

## IV.  DISCUSSION

### A.  The Superior Court Did Not Abuse Its Discretion By Denying Jason's Petition For A Protective Order Against Heather.

After considering the testimony from each of the witnesses, the court denied Jason's petition. The court first noted that Jason's petition for a short-term protective order had been denied because he had failed to provide sufficient proof that he had been the victim of domestic violence. Next the court stated that it "did not hear anything in [the hearing] that would lead [it] to believe that [Heather] committed an act of domestic violence against [Jason]" and denied Jason's petition. The court's written order specified that "there is not sufficient evidence that [Jason] is the victim of domestic violence

---

[2]     *Lee-Magna v. Carpenter*, 375 P.3d 60, 63-65 (Alaska 2016) (attorney's fees ordinarily should be awarded to successful petitioner but not to successful respondent under AS 18.66.100(c)(14)).

[3]     *Mitchell v. Mitchell*, 445 P.3d 660, 662 (Alaska 2019) (citing *Vince B. v. Sarah B.*, 425 P.3d 55, 60 (Alaska 2018)).

[4]     *Vince B.*, 425 P.3d at 60 (citing *McComas v. Kirn*, 105 P.3d 1130, 1132 (Alaska 2005)).

[5]     *Wee v. Eggener*, 225 P.3d 1120, 1124 (Alaska 2010) (quoting *Dingeman v. Dingeman*, 865 P.2d 94, 96 (Alaska 1993)).

defined by AS 18.66.990(3)."  Although brief, the superior court's orders explicitly indicated that the evidence presented at the hearing did not prove by a preponderance of the evidence that Heather had committed an act of domestic violence against Jason.  The superior court's findings are sufficient to enable appellate review.[6]

Our review does not reveal any clear error in the court's findings. The evidence presented to the court came primarily from witness testimony.  We grant particular deference to factual findings based on the trial court's assessment of witness testimony and credibility.[7]  While the court acknowledged that it "hear[d] a lot of evidence about discord and the deterioration of [Jason and Heather's] relationship," it ultimately found that Jason had not presented sufficient evidence to prove he had been the victim of domestic violence.  Because the court did not clearly err when it found that Jason had failed to prove that he had been the victim of domestic violence, the court did not abuse its discretion by denying his petition.

B.     **The Court's Factual Findings Are Not Sufficient To Support The Long-Term Protective Order Granted Against Jason.**

Alaska Rule of Civil Procedure 52(a) requires that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law."  A trial court must "make its findings with sufficient

---

[6]     *Price v. Eastham*, 128 P.3d 725, 727 (Alaska 2006) ("[T]he superior court must provide findings sufficient to give a clear understanding of the grounds upon which it reached its decision."). We encourage trial courts to ensure that their oral findings provide sufficient detail to enable meaningful review when relying upon standard form orders for their written findings.

[7]     *Sheffield v. Sheffield*, 265 P.3d 332, 335 (Alaska 2011) ("The trial court's factual findings enjoy particular deference when they are based 'primarily on oral testimony, because the trial court, not this court, judges the credibility of witnesses and weighs conflicting evidence.' " (quoting *Josephine B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 174 P.3d 217, 222 (Alaska 2007))).

specificity that we may review both the grounds for its decision and its application of the law to the facts."[8] This requirement ensures that the court "has exercised care in ascertaining the facts, and has employed both skill and judgment" in making its determination.[9] In the absence of specific findings, even when we could independently review the record to derive a basis on which to support the superior court's decision, we will not do so because "it is not the function of an appellate court to do so."[10] In such cases, we "remand for further consideration and findings by the superior court unless its failure to make adequate findings was harmless."[11]

The superior court's written findings here consist only of boxes marked on a standard protective order form that provides a variety of grounds in support of a protective order. The court marked one box finding that Jason committed assault or reckless endangerment and another box finding that he represented a credible threat to Heather's physical safety. The court's oral findings were similarly terse: "I find that the crime that [was] alleged, the crime of assault in the fourth degree, where [Jason] recklessly placed [Heather] in fear of imminent physical injury by [his] words or conduct, I find that that standard has been met."

Because neither its written order nor its oral findings provide any indication of the evidence on which they were based, we are unable to review either the

---

[8]     *Solomon v. Solomon*, 420 P.3d 1234, 1242 (Alaska 2018) (quoting *Price*, 128 P.3d at 731).

[9]     *Merrill v. Merrill*, 368 P.2d 546, 548 (Alaska 1962).

[10]    *Solomon*, 420 P.3d at 1242-43.

[11]    *Id.* at 1243 (citing Alaska R. Civ. P. 61).

grounds for the superior court's decision or its application of the law to the facts.[12] The superior court's conclusory findings regarding Heather's petition for a protective order are insufficient to enable meaningful appellate review.

We therefore vacate the long-term protective order against Jason and remand to the superior court for further consideration and to make adequate factual findings. As a result, the attorney's fee award to Heather as the prevailing petitioner must also be vacated.

## V.    CONCLUSION

We AFFIRM the superior court's denial of Jason's petition for a long-term protective order against Heather. We VACATE and REMAND its order granting Heather's petition for a long-term protective order against Jason to allow the superior court to make further findings of fact. We also VACATE the award of attorney's fees to Heather pending the superior court's decision on remand.

---

[12]    *Price*, 128 P.3d at 731.